NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
**FILED**
DEC 14 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-206-WOB

BYRON D. HARRINGTON                                                          PLAINTIFF

VS.            **MEMORANDUM OPINION AND ORDER**

UNITED STATES DRUG ENFORCEMENT AGENCY                    DEFENDANT


Byron D. Harrington, an individual currently incarcerated in the Warren Correctional Institution in Lebanon, Ohio, has submitted a *pro se* 28 U.S.C. §1331 complaint and a motion for leave to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The plaintiff claims that the Federal Drug Enforcement Agency ("DEA") illegally took $10,736.00 from him, in violation of his rights under the 4th, 5th, and 6th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations, as contained in his 5-page typewritten complaint [Record No. 1] and in pleadings in his previously-filed action in this Court, *Harrington v. Fred Painter, et al.*, Cov. No. 02-CV-82-WOB.

The plaintiff alleges that on March 7, 2001, at the Greater Cincinnati Airport in Northern

Kentucky, he was stopped by DEA agents and subsequently arrested. Upon a search of his person, purportedly without consent, agents of the DEA found the sum of $10,736.00 in cash in a pocket of the clothing which he was wearing and took possession of the money. The plaintiff alleges that at the time and thereafter he "asked agents for a DEA-12 receipt or any type of written receipt . . . [but] he was refused numerous times."

The plaintiff claims that to date, he has no knowledge as to the whereabouts of his money or any knowledge of a forfeiture proceeding, even though his location was at all times known by the government through a prior lawsuit about the illegal arrest. The loss of the funds was, therefore, illegal, as it was incident to a warrantless seizure, taken without due process, and done without his having the benefit of counsel. He seeks to recover the entire $10,736.00.

As to the prior lawsuit, *Harrington v. Fred Painter, et al.*, Cov. No. 02-CV-82-WOB, was a proceeding pursuant to 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and it was filed, *pro se*, on April 1, 2002, a little over one year after the airport incident complained of. The plaintiff named numerous defendants, including Delta Airlines, the DEA, and other United States governmental units and individual employees of the federal government, describing the occurrence at the airport and alleging that he was the victim of improper racial profiling. The record in that case reveals that the plaintiff was incarcerated then, as he is now, in the custody of Ohio Corrections officials, several pleadings therein containing the explanation that his imprisonment by Ohio authorities was on an unrelated matter.

In that prior proceeding, in a handwritten amended complaint [Record No. 1], the plaintiff stated that he sought a declaration that his rights had been violated; injunctive relief in the form of the defendants' stopping the practice of profiling; compensatory damages, including the sum of

2

$10,736.00; and substantial punitive damages. The defendants therein were dismissed in a series of rulings. Several of the governmental defendants, including the DEA, were dismissed by this Court, *sua sponte*, upon the screening of the complaint, on the ground that the doctrine of sovereign immunity bars a *Bivens* claim for damages. The remaining defendants were dismissed on various other grounds, in response to their individual motions. After the granting of the last two defendants' motion for summary judgment, on June 13, 2005, the Court issued its Final Judgment [Record No. 62], dismissing the action and striking it from the docket of this Court.

Four months later, Plaintiff Harrington filed the instant abbreviated complaint and a month after that he submitted, with his financial information [Record No. 4], a copy of the handwritten amended complaint which he had initially submitted as part of his prior action's Docket Entry No. 1. In this document, purportedly signed on May 14, 2002, the plaintiff (1) alleges that the DEA agents violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments; (2) refers to the taking of $10,736.00 only with regard to the "Defendants Federal Aviation and Security Administration," not the DEA; and (3) in the relief requested, states that he seeks "compensatory damages . . . plus an additional $10,736.00 dollars returned to plaintiff for the illegal forfeiture of his personal properties" from the Federal Security Administration and Delta Airlines.

## ORDER

The plaintiff having filed a civil action alleging a loss of property without receipt or notice and in violation of his constitutional rights; notice being a requisite for forfeiture by the government, pursuant to 21 U.S.C. §881, 18 U.S.C. §983, and *Dusenbery v. United States*, 534 U.S. 161 (2002); and the Court being concerned about its subject matter jurisdiction and issue preclusion, it is appropriate for the government to respond to the complaint herein.

3

Accordingly, the Court being otherwise advised,

**IT IS HEREBY ORDERED** as follows:

(1) The Clerk in the divisional office in which the case lies shall prepare and issue summons for the United States Drug Enforcement Agency, and shall prepare two (2) sets of copies of the summons.

(2) The divisional Clerk shall also prepare three (3) copies of the complaint, this Order, and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(3) After the Divisional Clerk's office has prepared the summons, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, the Divisional Clerk's office shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record.

(4) The United States Marshal shall serve the summons, complaint copy, and copy of this Order on the defendant; of the two sets of complaint and summons copies, the Marshal shall serve one set on the United States Attorney General and one on the United States Attorney for the Eastern District of Kentucky; the service directed herein shall be by certified mail, return receipt requested.

(5) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

4

(6) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(7) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 14th day of December, 2005.

William O. Bertelsman
WILLIAM O. BERTELSMAN, JUDGE

Date of Entry and Service: